## SECURED INSTALLMENT LOAN AGREEMENT, PROMISSORY NOTE AND SECURITY AGREEMENT

**THIS AGREEMENT CONTAINS A WAIVER OF JURY TRIAL AND ARBITRATION CLAUSE (THE "*CLAUSE*"). UNLESS I OPT OUT OF THE CLAUSE, IT WILL SUBSTANTIALLY IMPACT MY RIGHTS IF I HAVE A DISPUTE WITH LENDER, INCLUDING MY RIGHT TO TAKE PART IN A CLASS ACTION. READ THE CLAUSE CAREFULLY.**

| Lender:<br>TitleMax of Wisconsin, Inc. d/b/a TitleMax<br>4750 N 76TH ST.<br>MILWAUKEE, WI 53218 |  | Loan Date: 04/06/2023<br>Loan Number: ███████████████<br>Lender Customer Service: (414)-296-4885 |  |
|---|---|---|---|
| Borrower:<br>JIHAN CONSUELO TODOROVICH<br>4661 N 49th St<br>Milwaukee, WI 53218<br>███████████ |  | Co-Borrower:<br>N/A<br><br>N/A |  |
| Motor Vehicle Year:<br>2011 | Motor Vehicle Make:<br>Lincoln | Motor Vehicle Model:<br>MKX | Motor Vehicle ID #:<br>2LMDJ6JK0BBJ04846 |

In this Secured Installment Loan Agreement, Promissory Note and Security Agreement (the "*Note*"), "*I*", "*me*" and "*my*" mean each Borrower and Co-Borrower who signs this Note. "*Lender*", "*you*" and "*your*" mean TitleMax of Wisconsin, Inc. "*Loan*" means the loan made by Lender to Borrower under this Note pursuant to Wis. Stat. Chapter 138 and relevant provisions of Chapter 421 *et seq*. "*Vehicle*" means the motor vehicle described above. Lender is licensed and regulated by the Wisconsin Department of Financial Institutions, 4822 Madison Yards Way, North Tower, Madison, WI 53705, Phone: (608) 261-9555; Fax: (608) 261-7200. The Loan is not a Title Loan under Wis. Stat. § 138.16.

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of my credit as a yearly rate.<br><br>180.30 % | FINANCE CHARGE<br>The dollar amount the credit will cost me.<br><br>$11,979.14 | Amount Financed<br>The amount of credit provided to me or on my behalf.<br><br>$2,710.00 | Total of Payments<br>The amount I will have paid after I have made all payments as scheduled.<br><br>$14,689.14 |
|---|---|---|---|

**Payment Schedule:** My payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due<br>(each a "Payment Due Date")* |
|---|---|---|
| 35 | $408.04 | Monthly, beginning on 05/05/2023 |
| 1 | $407.74 | 04/05/2026 |

\* If the first Payment Due Date is the 29th or 30th, payments will be due the same day each month (or for February, the last day). If the first Payment Due Date is the 31st, payments will be due the last day each month.

**Security:** I am giving a security interest in the Vehicle identified above.
**Lien Filing Fee:** $0.00
**Late Fee:** $10 or 5% of the unpaid amount of any installment not paid within 10 days, whichever is less.
**Prepayment:** Lender will not charge a prepayment penalty/charge if I pay all or part of the principal balance before the date on which the principal is due.

*See the remainder of this document for additional information about non-payment, default, any required repayment in full before the scheduled date, and prepayment penalties.*

**Itemization of Amount Financed:**

| | |
|---|---|
| Amount given to me directly: | $0.00 |
| Plus: Amount paid on my account with Lender (loan # ███████████████ ) | $2,710.00 |
| Plus: Amount paid to public official for Lien Filing Fee | $0.00 |
| Plus: Amounts paid to other parties on my behalf | |
|     Payment to: N/A | $0.00 |
|     Payment to: N/A | $0.00 |
| Equals: Amount Financed/Principal Loan Amount | $2,710.00 |

1. **Promise to Pay; Co-Borrower Obligations:** I promise to pay Lender, or to Lender's order, the principal sum of $2,710.00 plus interest. I also promise to pay all other fees and charges in this Note. I must pay the amounts on or before the Payment Due Dates in the Payment Schedule above. If this Note is signed by more than one Borrower, each Borrower agrees to be liable to Lender jointly, and each Borrower will also be liable to Lender individually, for the Loan and other obligations under this Note. Time is of the essence.

2. **Interest; Application of Payments; Prepayment:** Interest will accrue daily on the outstanding principal balance. The interest rate is 179.8800 % per year. Interest accrues from the Loan Date until the Loan is paid in full. Interest accrues based on the number of days elapsed over a 365-day year. Lender calculates and charges interest, including interest on past due principal, under Wisconsin law. If any finance charge or other fee is held invalid, the remainder shall remain in effect. Lender applies payments first to unpaid interest, then to fees, and then to unpaid principal. The Payment Schedule and Finance Charge above assume that I pay all installments in full on the Payment Due Dates. I will owe less interest if I pay early or prepay. If I pay late or do not pay in full, I will owe more interest. I may prepay this Loan at any time without penalty.

3. **Usury Savings Clause:** Lender does not intend to charge or receive any rate or charge higher than Wisconsin law allows. The rate and charges under this Note will never exceed the highest lawful rate or charge. Lender will promptly refund or credit to my Loan any unlawful excess amount. Lender will reduce any excessive rate or charge to the maximum lawful rate or charge.

4. **Loan Funding and Payment; Refinance:** Lender will fund the proceeds of the Loan by check. Lender may offer other funding methods in its discretion. I may make payments to Lender during Lender's normal business hours at the location at which I obtained this Loan. Lender accepts payments by cash, cashier's check, money order, debit card or other method specified by Lender from time to time. Lender does not accept personal checks or credit cards. Lender may agree to refinance this Loan in its sole discretion. As a condition to any refinance, I must pay to Lender the minimum refinance payment amount, satisfy Lender's other underwriting criteria for refinances, and enter into a new Secured Installment Loan Agreement, Promissory Note and Security Agreement with Lender.

5. **Lien Filing Fee; Late Fee:** Lender charges the Lien Filing Fee identified above to place its lien on the Vehicle. On any installment not paid in full on or before the 10th day following the applicable Payment Due Date therefor, Lender may impose a late fee in an amount equal to $10 or 5% of the unpaid amount of the delinquent installment, whichever is less.

6. **Right to Cancel:** I may cancel this Note, without cost, no later than the close of business on the first business day after the Loan Date, by returning the Loan proceeds to Lender at the store at which I obtained the Loan. Upon the timely cancellation and return of the Loan proceeds, Lender will credit my account for any accrued interest and cancel the Loan. If I do not cancel this Note in compliance with this Section 6, the Loan and this Note remain in full force and effect.

7. **Collateral; Security Agreement; Co-Owner Obligations:** To secure this Note and my obligations hereunder, I grant to Lender a security interest in the Collateral. "*Collateral*" means the Vehicle and all Vehicle improvements, attachments, insurance proceeds and refunds and sale proceeds. But "Collateral" does not include any non-purchase money household goods (as defined in 16 C.F.R. Part 444), or other consumer goods that I may acquire more than ten days after giving value unless such consumer goods are installed in or affixed to the Vehicle. I am the only owner of the Collateral. The Collateral is not stolen. The Collateral has no liens. Lender may file any documents and take any actions to ensure Lender's security interest in the Collateral. If Lender asks, I will sign other documents and take other actions to support Lender's security interest.

As a condition to Lender making this Loan, any co-owner of the Vehicle who is not a Borrower under this Note must execute a separate Co-Owner Consent, Grant of Security Interest, and Waiver of Jury Trial and Arbitration Agreement to grant to Lender a security interest in the Vehicle. Any co-owner who is not a Borrower under this Note shall not be personally obligated to Lender for satisfying Borrower's obligations under this Note.

8. **Promises About the Collateral:** At all times while I owe any amount under this Note:
   a. I will keep the Vehicle in good condition and repair.
   b. I will pay all taxes and charges on the Vehicle.
   c. I will not abuse the Vehicle.
   d. I will not allow damage, destruction, theft, loss or impound of the Vehicle.
   e. I will tell Lender immediately if the Vehicle is damaged, destroyed, stolen, lost or impounded.
   f. I will not use the Vehicle for illegal or business purposes.
   g. I will let Lender inspect the Vehicle from time to time.
   h. I will not sell or transfer any interest in the Collateral.
   i. I will not remove the Vehicle from the U.S. without Lender's written consent.
   j. I will not permanently remove the Vehicle from my home state without Lender's written consent.
   k. I will tell Lender immediately if I move or change my telephone number.
   l. I will not get or try to get another title to the Vehicle.

    m.   I will not allow any other liens on the Vehicle.

9. **Risk of Loss:** I am liable for Vehicle damage and loss. I hold Lender harmless for all claims and costs arising from my using the Vehicle. This includes all judgments, attorneys' fees, court costs and expenses.

10. **Events of Default:** I will be in default under this Note if:

    a.   For payments other than the first and last scheduled payments due hereunder, an amount exceeding one full payment amount remains unpaid for more than 10 days after the applicable Payment Due Date.

    b.   For the first and last scheduled payments due hereunder, I fail to pay such payment in full within 40 days of the applicable Payment Due Date therefor.

    c.   I fail to observe any other obligation hereunder, which failure materially impairs the condition, value or protection of Lender's rights in the Vehicle.

11. **Lender's Rights After Default:** Lender's rights after default are cumulative and not exclusive. If I default, Lender may give a right to cure in accordance with Wisc. Stat. § 425.104. If Lender gives such notice and I fail to cure the default, then under Wisc. Stat. § 425.105, Lender may declare all amounts outstanding under the Note immediately due and payable and may repossess and foreclose upon the Vehicle with or without judicial process. I may turn over the Vehicle to Lender any time after default. In exercising its rights, Lender must always act lawfully and may not breach the peace.

12. **Vehicle Repossession:** If Lender repossesses the Vehicle, the following applies:

    a   *Notice*. Lender will send notice at least 10 days before selling the Vehicle. The notice will tell me how to buy back the Vehicle. To buy back the Vehicle, I must pay all I owe under the Note.

    b.   *Vehicle Buy Back*. I may buy back the Vehicle at any time before Lender sells it. If I do not buy it back before Lender sells it, I lose all rights in the Collateral.

    c.   *Sale*. If I do not buy back the Vehicle, Lender will sell the Vehicle. Lender will apply the sale proceeds first to unpaid interest, then to fees and costs listed in Section 12(e), and then to unpaid principal.

    d.   *Surplus or Deficiency*. If there is money left, Lender will pay it to me. If there is not enough money to pay what I owe, Lender may require me to pay what is still owed.

    e.   *Costs*. I agree to pay Lender reasonable costs to take, store, prepare for sale, and sell the Vehicle.

13. **Limited Recourse:** If Lender takes and sells the Vehicle, Lender will not sue me for the Loan balance unless I have engaged in fraud or have wrongfully transferred any interest in the Vehicle while the Loan is outstanding.

14. **Waivers: If Lender delays or does not enforce it rights every time, Lender can still do so later. I waive presentment, demand for payment, notice of intent to accelerate, notice of acceleration, protest, and notice of dishonor. Lender need not sue, arbitrate or show diligence in collecting against me or others. Lender need not go against the Vehicle. Lender may require that any Borrower pay the whole Loan without asking anyone else to pay. Lender may sue any Borrower without giving up any of its rights against any other Borrower. Lender may sue or arbitrate with a person without joining or suing others. Lender may release or modify a person's liability without changing other persons' liability.**

15. **Communications:** Send *all* correspondence to Lender to TitleMax of Wisconsin, Inc., Legal Department, P.O. Box 8323, Savannah, Georgia 31412 (the "*Notice Address*"). Send *all* correspondence to me to my address above or any other address I give to Lender in writing (the "*Borrower Address*"). This Section 15 covers all correspondence between Lender and Borrower, including correspondence after default or Borrower's bankruptcy.

16. **Notice and Cure:** Before suing or starting arbitration about (i) Borrower's credit application, (ii) this Note, (iii) the Vehicle, or (iv) the Loan, each party agrees to do all of the following:

    a.   The party filing the dispute (the "*Claimant*") must tell all other parties (the "*Defending Party*") of the dispute (the "*Dispute Notice*"). Each Dispute Notice must describe the nature of the claim and relief requested. Each Dispute Notice must be written and, except for collections letters from Lender, must give at least 30 days to solve the dispute.

    b.   Claimant must mail Dispute Notices to the Notice Address for Lender and the Borrower Address for Borrower. Dispute Notices to Lender must include the Loan Number and Borrower's mailing address and phone number.

    c.   If Defending Party asks for more information about the dispute, Claimant must give it.

17. **Reporting to Credit Bureaus:** Lender may report information concerning my account and/or transactions with Lender to credit bureaus. Late payments, missed payments or other defaults on my account may be reflected in my credit report.

18. **Important Information about Opening Accounts:** To help fight terrorism and money laundering, Lender must identify each person who opens an account. I must give Lender my name, address, date of birth and other requested information and documents, such as my driver's license.

19. **Telephone Recording:** Lender may monitor and record any phone conversation Lender and I have.

20. **Severability:** Invalid terms hereof will be changed to comply with law. Such change will not affect any other term hereof. If a class action suit or class-wide arbitration is allowed, either party may require that a judge (with no jury) hear the dispute. Such judge will apply relevant court rules and procedures.

21. **Successors and Assigns:** This Note binds each Borrower's heirs, personal representatives in probate, successors and assigns and Lender's successors and assigns. Lender may assign all of its rights hereunder. No Borrower may assign its rights hereunder without Lender's written consent.

22. **Governing Law:** This Note and the Loan involve interstate commerce. Wisconsin law governs this Note, but the Federal Arbitration Act governs the Waiver of Jury Trial and Arbitration Clause in Section 24.

23. **WAIVER OF RIGHT TO TRIAL BY JURY: TRIAL BY JURY IS A CONSTITUTIONAL RIGHT. UNDER CERTAIN CONDITIONS THE LAW ALLOWS PARTIES TO WAIVE THIS RIGHT. LENDER AND I KNOWINGLY AND FREELY WAIVE ALL RIGHTS TO A JURY TRIAL FOR ANY SUIT RELATED DIRECTLY OR INDIRECTLY TO (A) THIS NOTE AND (B) THE LOAN. THIS JURY TRIAL WAIVER WILL NOT CHANGE ANY ARBITRATION CLAUSE TO WHICH LENDER AND I AGREE. SUCH CLAUSE HAS ITS OWN SEPARATE JURY TRIAL WAIVER.**

24. **WAIVER OF JURY TRIAL AND ARBITRATION CLAUSE: By signing below, Lender and I agree to this Waiver of Jury Trial and Arbitration Clause, including a waiver of class actions (the "*Clause*"). This Clause is in Q & A form so it is easier to understand. This Clause is a legally binding part of this Note.**

| BACKGROUND AND SCOPE | | |
|---|---|---|
| **Question** | **Short Answer** | **Further Detail** |
| What is a Dispute? | A disagreement | In this Clause, "*Dispute*" has a broad meaning. "*Dispute*" includes all claims and disagreements related to my application, this Note, the Vehicle, the Loan, or my dealings with Lender. It includes claims and disagreements about any prior applications and agreements. It includes extensions, renewals, refinancings, and payment plans. It includes claims related to collections, privacy, and customer information. It includes claims and disagreements that usually would be resolved in court. "Dispute" also includes claims and disagreements I have with Related Parties. |
| Who is a "Related Party"? | Usually a person or company related to Lender | "*Related Parties*" are Lender's affiliates. They also are employees, directors, officers, shareholders, members, and representatives of Lender and its affiliates. "Related Parties" also means any person or company involved in a Dispute I pursue while I pursue a Dispute with Lender (like a repossession company). |
| What is arbitration? | An alternative to court | In arbitration, a third party arbitrator ("*TPA*") solves Disputes in a hearing ("*hearing*"). It is less formal than a court case. |
| Is it different from court and jury trials? | Yes | The hearing is private. There is no jury. It is usually less formal, faster, and less costly than a lawsuit. Pre-hearing fact finding is limited. Appeals are limited. Courts rarely overturn arbitration awards. |
| Is it confidential? | Yes, it can be | Lender or I can ask that arbitration be confidential. That means things people say, and documents and information disclosed as part of the arbitration, will be used only for the arbitration and will not be shared with anyone who is not part of the arbitration. That also means that people involved in the arbitration may be asked to sign a separate confidentiality agreement. Confidential information may be used to appeal or enforce an arbitration award. |
| Can I opt out of this Clause? | Yes, within 60 days | If I do not want this Clause to apply, I have 60 days from the Loan Date to opt out. To opt out, I must tell Lender in a writing I send to the Notice Address. I must give my name, address, Loan Number, and Loan Date and state that I "opt out" of this Clause. I may not send my notice electronically. |
| What is this Clause about? | The parties' agreement to arbitrate Disputes | Lender and I agree that any party may arbitrate or demand arbitration of any Dispute unless I opt out or the law does not allow it. |
| Who does the Clause cover? | Lender and me | This Clause covers Lender and me. This Clause also applies if I have a Dispute with a Related Party related in some way to my application, this Note, the Vehicle, the Loan, or my dealings with Lender. Related Parties are not bound by this Clause. I may not compel a Related Party to arbitration. A Related Party may compel me to arbitrate Disputes that are covered by this Clause. |

| What Disputes does the Clause cover? | Most Disputes that normally would go to court (except certain Disputes about this Clause) | This Clause covers Disputes involving Lender (or a Related Party) and me. **But, "Disputes" does not include disputes about the validity, coverage, or scope of this Clause or any part of this Clause. These are for a court to decide, not the TPA.** Also, this Clause does not cover any case I file to stop Lender from taking or selling the Vehicle. |
|---|---|---|
| Who handles the arbitration? | A Third Party Arbitrator | Arbitrations must be conducted under this Clause. The TPA will be one of the following:<br>• An individual, independent TPA the parties choose together;<br>• JAMS, 620 Eighth Avenue, 34th Floor, New York, NY 10018, www.jamsadr.org; or<br>• Any other arbitration company the parties choose together.<br>**No arbitration may be held without Lender's consent by an arbitration company or TPA that would allow class arbitration under this Clause.** Unless Lender and you agree otherwise, the TPA must be a lawyer with 10+ years of experience or a retired judge. |
| What rules apply to the arbitration? | Usually, the arbitration company rules | If the parties use an arbitration company such as JAMS, that company's consumer arbitration rules will apply. If the parties chose an individual TPA, then such TPA will follow the JAMS consumer arbitration rules, unless the parties mutually agree to an alternative. In any case, the TPA will not apply any state or federal rules of civil procedure or evidence. Arbitration rules that conflict with this Clause do not apply. |
| Can Disputes be brought in court? | Sometimes | Either party may sue if the other party does not demand arbitration. Lender will not demand arbitration of any lawsuit I bring for myself in small claims court. But, Lender may demand arbitration of any appealed small claims decision or any small claims action brought as a class. |
| Am I giving up any rights? | Yes | For Disputes subject to this Clause, I give up my right to:<br>1. Have a jury decide Disputes.<br>2. Have a court, other than a small claims court, decide Disputes.<br>3. Serve as a private attorney general or in a representative capacity.<br>4. Join a Dispute I have with a dispute by other consumers.<br>5. Bring or be a class member in a class action or class arbitration.<br>**Lender also waives its jury trial right and its right to have a court decide Disputes Lender starts.** |
| Can I or anyone else start class arbitration? | No | TPAs may not handle a class or representative Dispute. All Disputes under this Clause must be arbitrated or decided by individual small claims case. This Clause will be void if a court allows a TPA to decide a Dispute on a class basis and such ruling is not reversed on appeal. |
| What law applies? | The Federal Arbitration Act ("FAA") | The FAA governs this Clause. The TPA must apply law consistent with the FAA. The TPA must honor statutes of limitation and privilege rights. Constitutional standards that apply in court proceedings govern punitive damage awards. |
| Will anything I do negate this Clause? | No, though I can opt out | This Clause stays in force if I: (1) cancel the Loan; (2) default, refinance, prepay or pay the Loan in full; or (3) go into bankruptcy. I can opt out as described above. |
| **PROCESS** | | |
| **Question** | **Short Answer** | **Further Detail** |
| What must be done before starting a lawsuit or arbitration? | Send a written Dispute Notice and work to resolve the Dispute | Before starting a lawsuit or arbitration, Claimant must give a Dispute Notice as Section 16 above requires. If I am the Claimant, I or my attorney must sign the Dispute Notice. I must give the Loan number and a contact number for me or my attorney. Collections letters from Lender are Dispute Notices. Each Dispute Notice (other than collections letters) must give at least 30 days to settle the dispute. |

| How does arbitration start? | Follow the rules of the arbitration company | If the parties do not settle the Dispute within the 30-day period, Claimant may file a small claims case or start arbitration. To start arbitration, the Claimant picks the arbitration company. If one party sues or threatens to sue, the other party can demand arbitration. This demand can be made in court papers. It can be made if a party sues on an individual basis and then tries to pursue a class action. Once an arbitration demand is made, no suit can be brought and any current suit must stop. |
|---|---|---|
| Will any hearing be held nearby? | Yes | Any in-person hearing must be at a place convenient to me. The TPA may decide that an in-person hearing is not needed. A Dispute may be resolved in writing and by conference call. |
| What if I need an accommodation for a disability or due to language? | Lender shall work with me on accommodations | If I require assistance in a language other than English, or special services to accommodate a disability, Lender and I shall agree to proceed in a way that accommodates my needs. |
| What about appeals? | Very limited | The FAA limits appeal rights. For Disputes over $50,000, any party may appeal the award to a panel of three TPAs. The arbitration company or the parties choose the panel. This panel will review anything appealed in the initial award. The panel's decision will be final, except for any FAA appeal right. Any suitable court may enter judgment upon the TPA panel's award. |
| **ARBITRATION FEES AND AWARDS** | | |
| **Question** | **Short Answer** | **Further Detail** |
| Who pays arbitration fees? | Usually Lender does | Lender will pay all filing, hearing, and TPA fees if I act in good faith, cannot get a fee waiver and ask Lender to pay. |
| When will Lender cover my legal fees and costs? | If I win | If the TPA finds for me, Lender will pay my reasonable fees and costs for attorneys, experts, and witnesses. Lender also will pay these costs if the law or the TPA rules require or if required to enforce this Clause. Even if my Dispute is for a small amount, the TPA will not limit the award of such costs. |
| Will I ever owe Lender for fees or costs? | If I act in bad faith | The TPA can make me pay Lender's arbitration, attorney, expert, and witness fees and costs if it finds that I have acted in bad faith (per the Fed. Rules of Civ. Proc. § 11(b) standard). This power does not void this Clause. |
| Can a failure to resolve a Dispute informally mean a larger recovery for me? | Yes | If Borrower wins the arbitration, Borrower may be entitled to a minimum award of $7,500. To get the minimum award, I first must comply with this Clause. Secondly, the TPA must award money damages to me in an amount that is greater than the last amount I asked for in settlement, if I asked for such amount at least ten days before arbitration began. The base award is separate from attorneys' fees and expenses, and expert witness costs which I may get. The minimum award applies to all Disputes I raise or could raise. This Clause does not allow multiple awards of $7,500. Settlement demands and offers are confidential. They may not be used in any way by either party except to support a minimum award. |
| Can an award be explained? | Yes | Within 14 days of the ruling, a party may ask the TPA to explain its ruling. Upon such request, the TPA will explain the ruling in writing. |

25. **Borrower Representations:** By signing this Note:
    a. I promise that all information I gave to Lender in my application is true, complete and correct.
    b. I have read, understand and agree to this entire Note, including the Waiver of Jury Trial and Arbitration Clause in Section 24. I may opt out of arbitration as described in Section 24. If I do not timely opt out of arbitration, my right to sue Lender is limited.
    c. I have received an exact copy of this fully completed Note, all blank spaces in which had been completed before I signed.
    d. I am 18 years of age or older. I have full legal authority and capacity to sign this Note.
    e. I have received Lender's Privacy Policy.
    f. I am a rightful owner of the Vehicle.
    g. I am not a debtor in bankruptcy. I do not intend to file a federal bankruptcy petition.
    h. I have the ability to repay the Loan.

   i. I AM NOT a regular or reserve member of the Army, Navy, Marine Corps, Air Force, or Coast Guard, serving on active duty under a call or order that does not specify a period of 30 days or fewer (or a dependent of such a member).

26. **Entire Agreement:** This Note is the only agreement between Lender and me for this Loan. Lender and I have no oral agreements about the Loan. Lender and I may change this Note only by a writing signed by both of us.

27. **Important Notice:** In the following notice required to be provided under Wisc Stat. 422.303(3), "Customer," "you," and "your" each refer to the Borrower, and "Agreement" refers to this Note.

**NOTICE TO CUSTOMER**

  a. **DO NOT SIGN THIS BEFORE YOU READ THE WRITING ON ALL PAGES, EVEN IF OTHERWISE ADVISED.**

  b. **DO NOT SIGN THIS IF IT CONTAINS ANY BLANK SPACES.**

  c. **YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN.**

  d. **YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.**

**BORROWER:**
JIHAN CONSUELO TODOROVICH

*DocuSigned by:* [signature]      4/5/2023
_____     _____
Signature           Date

**By signing this Note, Lender agrees to all of the terms and conditions of this Note, including the Waiver of Jury Trial and Arbitration Clause.**

**LENDER:**
**TitleMax of Wisconsin, Inc. d/b/a TitleMax**

By: [signature]
_____
Its Authorized Representative

**CO-BORROWER:**
N/A

_____     _____
Co-Borrower Signature      Date

**THIS DOCUMENT IS SUBJECT TO A SECURITY INTEREST IN FAVOR OF, AND PLEDGED AS COLLATERAL TO, BP COMMERCIAL FUNDING TRUST II, SERIES SPL-XVI, AS ADMINISTRATIVE AGENT FOR THE SECURED PARTIES UNDER THAT CERTAIN MASTER LOAN AND SECURITY AGREEMENT, DATED AS OF FEBRUARY 10, 2023, BY AND AMONG TMX MP SPE, LLC, THE ADMINISTRATIVE AGENT AND THE LENDERS FROM TIME TO TIME PARTY THERETO, AS AMENDED.**



Exhibit B